UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| OGLALA SIOUX TRIBE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:25-cv-05080-ECS |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT MOTION TO CONSOLIDATE CASES**

Plaintiff Oglala Sioux Tribe and Defendants, the United States of America, *et al.*, jointly move this Court to consolidate the above-captioned case ("*OST III*") with *Oglala Sioux Tribe v. United States, et al.*, No. 5:22-cv-05066-RAL ("*OST I*"). In support of this joint motion, Plaintiff and Defendants aver as follows:

1.   Pursuant to Federal Rule of Civil Procedure 42(a)(2), if actions before the Court involve a common question of law or fact, the Court may consolidate the actions.

2.   Plaintiff filed *OST III* on October 17, 2025 (ECF No. 1). Plaintiff noted on the Civil Cover Sheet filed therewith that the newly-filed *OST III* was related to *OST I*. *Id.* at 1, § VIII. Thereafter, summons were issued and served on each of the Defendants therein, together with the new Complaint, in accordance with F.R.C.P. Rule 4(i), receipt of which Defendants hereby acknowledge.

1

3. Previously, Plaintiff had filed another case also related to *OST I*, i.e. *Oglala Sioux Tribe v. United States, et al.*, No. 5:24-cv-05004-RAL (*OST II*) on January 24, 2024. (ECF No. 1). On March 26, 2024, Defendants filed an Unopposed Motion to Stay and Memorandum in Support in *OST II*. (ECF Nos. 24 & 25). Defendants requested an Order to Stay the proceedings in *OST II* to promote judicial efficiency and conserve resources of the Court and the parties because the parties, issues, claims, and requests for relief in *OST II* were nearly identical to those raised in *OST I*, and the "ultimate resolution in *OST I* may have an impact on the disposition of the instant case." (ECF No. 25 at 2). The Court granted the stay pending final resolution of *OST I*. Subsequently, on July 15, 2025, the parties filed a motion to lift the stay and to consolidate *OST II* with *OST I*, advising the Court that:

> the parties have determined that the issues in both cases are similar enough that they can be resolved through cross motions for summary judgment or, if the court denies both summary judgment motions, in a consolidated trial, or as the court may otherwise deem appropriate in *OST I*. . . , that consolidation of the cases would provide a cohesive approach to addressing the issues presented [and] would not prejudice either party and would continue to preserve the parties' resources [and] will continue to promote judicial efficiency by allowing the Court to resolve these common issues together.

*OST II* (ECF No. 31 at 2). The Court granted the motion on July 17, 2025. *OST II* (ECF No. 32) and *OST I* (ECF No. 149).

4. As they had with *OST II*, the parties have again concluded that both *OST III* and *OST I* involve common questions of law and similar facts, that the issues in *OST III* are similar enough that they can be resolved together with those in *OST I*, that consolidation of the cases would provide a cohesive approach to addressing the issues presented, would not prejudice either party and would continue to preserve the parties' resources, and will continue to promote judicial efficiency by allowing the Court the resolve these common issues together. Likewise the parties agree that because of the common question of law and similar facts, that answering the complaints

in *OST II* and *OST III* is unnecessary unless or until the Court determines following the parties' cross motions for summary judgment that issues remain and the cases be bound over for trial, at which point the Defendants will have 15 days to file said answers.

5.   At this point in the litigation of *OST I*, the parties have exchanged over 32,000 pages of documents in discovery that are relevant to the issues in each of *OST I*, *OST II* and *OST III*, and do not anticipate any different discovery requests for the issues in *OST III* except for documents and communications related to the contract negotiations between the parties for Fiscal Year 2025.

7.   On November 14, 2025, the parties filed a Joint Motion to Amend Scheduling Order in *OST I* (ECF No. 151), advising the Court, *inter alia*, that Plaintiff filed a new action against Defendants and related that matter to this case," and that they "plan to move this Court to consolidate that action into the present one, impacting among other things, the scope of the overall Administrative Record." *Id.* at 3, citing *OST III*.

8.   On November 17, 2025, this Court granted the parties' motion. Order Amending Rule 16 Scheduling Order (ECF No. 152). The Order provided, *inter alia*, that

> Defendants shall serve on Plaintiff the Administrative Record with respect to the above-captioned consolidated cases by December 8, 2025. The parties shall move to consolidate the recently-filed related action, <u>Oglala Sioux Tribe v. United States</u>, No. 5:25-cv-5080 (D.S.D. Oct. 17, 2025), with the above-captioned consolidated cases by November 21, 2025. If the Court grants such motion, Defendants shall serve on Plaintiff the Administrative Record with respect to the newly-consolidated action, either together with or as part of the Administrative Record in the above-captioned cases, or separately within 30 days thereafter.
>
> * * *
>
> The identity of and reports from retained experts under Rule 26(a)(2) are due from Plaintiff by December 15, 2025, and from Defendants by January 26, 2025. Should the recently-filed related action be consolidated with the above-captioned cases, and should the Administrative Record with respect to the newly-consolidated action be served on Plaintiff subsequent to December 8, 2025, the

3

reports from Plaintiff's retained experts may be amended or supplemented within 21 days following service of said later-served Administrative record.

*Id.* at 2-3, ¶¶ 4 & 5.

WHEREFORE, the parties jointly and respectfully request that this Court consolidate this case with *Oglala Sioux Tribe v. United States, et al.*, 5:22-cv-05066-RAL.

The undersigned has conferred with counsel for Defendants regarding this Motion, and counsel for Defendants have authorized the undersigned to file this Motion.

Dated: November 21, 2025

        By:  /s Greg M. Narvaez
           Greg M. Narvaez (SD Bar No. 4381)
           Peebles Bergin Schulte & Robinson LLP
           2020 L Street, Suite 250
           Sacramento, CA 95811
           Telephone: (916) 441-2700
           Email: gnarvaez@ndnlaw.com

           Conly Schulte (*Pro hac vice*)
           Peebles Bergin Schulte & Robinson LLP
           945 Front Street
           Louisville, CO 80027
           Telephone: (303) 284-8228
           Email: cschulte@ndnlaw.com

           Steven J. Bloxham (*Pro hac vice*)
           Peebles Bergin Schulte & Robinson LLP
           2020 L Street, Suite 250
           Sacramento, CA 95811
           Telephone: (916) 441-2700
           Email: sbloxham@ndnlaw.com

           Patricia Marks (*Pro hac vice*)
           15992 A.E. Mullinix Road
           Woodbine, MD 21797
           Telephone: (202) 256-5033
           Email: MarksPattyesq@aol.com

*Attorneys for the Oglala Sioux Tribe*

ALISON J. RAMSDELL
United States Attorney

ARON HOGDEN
U.S. Attorney's Office
P.O. Box 2638
Sioux Falls, SD 57101
(605) 357-2342
Email: aron.hogden@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

JAMES D. TODD, JR.
JODY D. LOWENSTEIN
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
Email: james.todd@usdoj.gov
Email: jodyd.lowenstein@usdoj.gov

*Attorneys for Defendants*

5